IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2007 SEP 12 A 9: 41

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| LAQUETTA JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: |
| vs. | ) | |
| | ) | 2:07CV818 – MEF |
| GLOVIS ALABAMA, LLC, and | ) | |
| WORKFORCE OF | ) | PLAINTIFF DEMANDS TRIAL BY |
| MONTGOMERY, INC. | ) | STRUCK JURY. |
| | ) | |
| Defendants. | ) | |

COMPLAINT

JURISDICTION AND VENUE

1.    This is a suit to obtain relief for gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended.  The Plaintiff alleges the Defendants subjected her to unlawful sexual harassment and retaliated against her for complaining of sexual harassment.

2.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331,

1343(4) and 28 U.S.C. §§ 2201 and 2202.

3.    Venue is proper in that the Defendants employed the Plaintiff in Montgomery County, Alabama.

## PARTIES

4.    The plaintiff, LaQuetta Jackson, is a female resident of Montgomery County, Alabama.

5.    Defendant, Glovis Alabama, LLC ("Glovis"), is a domestic corporation incorporated in Montgomery County, Alabama, maintaining its principal place of business in Montgomery County, Alabama.

6.    Defendant Glovis was the Plaintiff's employer for purposes of Title VII.

7.    Defendant Workforce of Montgomery, Inc. ("Workforce of Mongomery"), is a domestic corporation incorporated in Montgomery County, Alabama, maintaining its principal place of business in Montgomery County, Alabama.

8.    Defendant Workforce of Montgomery was Ms. Jackson's employer for purposes of Title VII.

9.    The Defendants were joint employers of Ms. Jackson for purposes of

Title VII.


## ADMINISTRATIVE REMEDIES

10.    On July 18, 2006, the Defendants terminated Ms. Jackson.

11.    Ms. Jackson filed a Charge of Discrimination against the Defendants on

November 8, 2007.    The Charge named both Defendants as

Respondents.  The EEOC treated the Charge as two separate Charges

(Charge Nos. 420 2007 00651 and 420 2007 0652).  A copy of this Charge

is attached hereto as Exhibit 1.

12.    On June 12, 2007, the EEOC issued a Notice of Right to Sue with respect

to Charge 420 2007 0652.  A copy of this Notice of Right to Sue is

attached hereto as Exhibit 2.

13.    On August 1, 2007, the EEOC issued a Notice of Right to Sue with

respect to Charge 420 2007 0651.  A copy of this Notice of Right to Sue

is attached hereto as Exhibit 3.

14.    All conditions precedent to the institution of this lawsuit have been

fulfilled.

## FACTUAL ALLEGATIONS

15.    Defendant Workforce of Montgomery, a temporary service, hired Ms. Jackson in May 2006.

16.    Defendant Workforce of Montgomery assigned Ms. Jackson to work for Defendant Glovis as a scanner/driver.

17.    As part of her assignment to work for Defendant Glovis, Ms. Jackson rode Shuttle Bus 109 to transfer cars to other areas and locations.

18.    Defendant Glovis has control over the driver of Shuttle Bus 109.

19.    While riding Shuttle Bus 109, Ms. Jackson was subjected to frequent sexual remarks made by the driver of the shuttle bus.

20.    Ms. Jackson observed the driver of the shuttle bus touch and grab female passengers in a manner which she felt was inappropriate and offensive.

21.    Ms. Jackson observed the shuttle bus driver make remarks to female employees regarding exchanging sex for rims for their cars.

22.    The conduct of the driver of the shuttle bus offended Ms. Jackson.

23.    Ms. Jackson complained to the Defendants that she felt that the conduct of the shuttle bus driver amounted to sexual harassment, and requested that they take action to stop his behavior.

24.    Despite Ms. Jackson's complaints, the conduct of the shuttle bus driver continued.

25.    Within weeks of Ms. Jackson complaining to the Defendants about sexual harassment, the Defendants terminated her.

26.    The reason the Defendants gave Ms. Jackson for terminating her was that they were overstaffed.

27.    On the day that the Defendants terminated Ms. Jackson, Ms. Jackson observed two women starting their first day for the Defendants as scanners/drivers.

28.    Defendant Workforce of Montgomery has yet to assign Ms. Jackson to a new work assignment.

## COUNT I

## SEX DISCRIMINATION

29.    Ms. Jackson adopts the above facts in support of this Count.

30.    The Defendants subjected Ms. Jackson to offensive and unwanted conduct based on her gender which was severe or pervasive enough to alter her working conditions.

31.    The Defendants are liable for the sexually harassing conduct to which Ms. Jackson was subjected.

32.    The Defendants' discriminatory conduct injured Ms. Jackson.

WHEREFORE, PREMISES CONSIDERED, the plaintiff respectfully requests the entry of judgment under Title VII, as amended, against the Defendants pursuant to an Order awarding:

    a.    compensatory damages;

    b.    punitive damages;

    c.    injunctive relief, including back-pay (plus interest calculated at the applicable NLRB interest rates), reinstatement and/or front-pay;

d. that relief which is fair, just, and equitable under the circumstances of this case;

e. reasonable attorneys fees;

f. pre-judgment interest; and

g. the costs of this suit.

## COUNT II

## RETALIATION

33. Ms. Jackson adopts the above facts in support of this Count.

34. Ms. Jackson engaged in protected activity when she complained to the Defendants of sexual harassment.

35. Prior to July 18, 2006, the Defendants had knowledge of Ms. Jackson's protected activity.

36. On July 18, 2006, the Defendants subjected Ms. Jackson to an adverse job action when they terminated her.

37. The Defendants terminated Mr. Jackson to retaliate against her for complaining of sexual harassment.

38.   The reason given by the Defendants for terminating Ms. Jackson, overstaffing, was a pretext for their retaliatory motives.

39.   The Defendants' retaliatory conduct injured Ms. Jackson.

WHEREFORE, PREMISES CONSIDERED, the plaintiff respectfully requests the entry of judgment under Title VII, as amended, against the Defendants pursuant to an Order awarding:

a.   compensatory damages;

b.   punitive damages;

c.   injunctive relief, including back-pay (plus interest calculated at the applicable NLRB interest rates), reinstatement and/or front-pay;

d.   that relief which is fair, just, and equitable under the circumstances of this case;

e.   reasonable attorneys fees;

f.   pre-judgment interest; and

g.   the costs of this suit.

PLAINTIFF REQUESTS A TRIAL BY STRUCK JURY.

Heather Newsom Leonard
Attorney Code - NEW018
ASB-1152-061H
ATTORNEY FOR PLAINTIFF

OF COUNSEL:

HEATHER LEONARD, P.C.
The Gross Building
2108 Rocky Ridge Road, Suite 1
Birmingham, AL  35216
Phone:       (205) 978-7899
Facsimile:  (205) 278-1400
E-mail:       Heather@HeatherLeonardPC.Com

SERVE DEFENDANTS VIA CERTIFIED MAIL:

Glovis Alabama, LLC
c/o Hong Suk Kim, Registered Agent
300 Hyundai Boulevard
Montgomery, AL 36405

Workforce of Mongomery, Inc.
c/o Mavis Anderson Walker
300 Arba Street
Mongomery, AL 36104

# CHARGE OF DISCRIMINATION

is affected by the Privacy Act of 1974, See Privacy Act Statement before completing this

| AGENCY | | CHARGE NUMBER |
|---|---|---|
| ☐ | FE | |
| X | EE | |
| | | and EEOC |

State or local Agency, if any

| NAME(Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Ms. LaQuetta Jackson | ▇▇▇▇▇▇▇ |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| ▇▇▇▇ | ▇▇▇▇▇▇▇ | ▇▇▇▇ |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Glovis MVP | More than 15 | (334) 386-0643 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 250 Hyundai Boulevard | Montgomery, AL 36105 | Montgomery |

| NAME | | TELEPHONE NUMBER (Include Area Code) |
|---|---|---|
| Workforce of Montgomery, Inc. | | (334) 265-0100 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 300 Arba Street | Montgomery, AL 36104 | Montgomery |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

| | | | | DATE DISCRIMINATION TOOK PLACE |
|---|---|---|---|---|
| X RACE | ☐ COLOR | ☐ SEX | ☐ RELIGION | ☐ AGE | EARLIEST (ADEA/EPA)    LATEST (ALL) |
| X RETALIATION | ☐ NATIONAL ORIGIN | | ☐ DISABILITY | ☐ OTHER (Specify) | 7/18/06 |
| | | | | | X CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began working for the Respondent, Workforce of Montgomery, Inc., in May 2006. Workforce of Montgomery assigned me to work at Glovis MVP where I worked as a scanner/driver. I would frequently have to ride Shuttle Bus 109 to transfer cars to other areas/locations. The bus driver of Shuttle Bus 109 frequently made sexual remarks to me and other employees inappropriately. I did observe the bus driver touch and grab other females in inappropriate places. The bus driver also made remarks to female employees regarding exchanging sex for rims on their cars. I complained about the bus driver's conduct to a supervisor named Bryan of Glovis, and Anthony Livingston, a Workforce of Montgomery supervisor. To my knowledge, nothing was ever done about the complaint I made. A few weeks after my complaint, on July 18, 2006, I was terminated by Jim, Head Supervisor Glovis MVP. The reason Jim said I was terminated was due to overstaffing. On that same day, there were two other ladies sitting at the table with me before I was terminated, who were starting work as scanners/drivers. The two ladies told me they were waiting to start work and to be trained for their new job as scanners/drivers. Workforce of Montgomery refuses to put me back to work despite my requests and willingness to work.

I believe I have been discriminated against based on my gender (female) in violation of Title VII of the Civil Rights Act of 1964, as amended. I believe I have been retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| *Aug 30, 06*        *LaQuetta Jackson* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |
| Date        Charging Party (Signature) | |

EEOC FORM 5 (10/94)

**EXHIBIT 1**

NOV 8 2006

EEOC Form 161-B (3/98)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:  **LaQuetta Jackson**
**c/o Heather Leonard**
**Heather Leanard, P.C.**
**2108 Rocky Ridge Road, Suite One**
**Birmingham, AL 35216**

From:  **Birmingham District Office**
**Ridge Park Place**
**1130 22ⁿᵈ Street South**
**Birmingham, AL 35205**

☐  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **420 2007 00652** | **Arthur Sanders** | **(205)212 2058** |

*(See also the additional information enclosed with this form.)*

## NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☒  More than 180 days have passed since the filing of this charge.

☐  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☒  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____
**Delner Frank-Thomas, District Director**

1 2 JUN 2007
*(Date Mailed)*

Enclosure(s

cc:  **Patricia J. Ponder, Attorney**
**Hand Arendall, LLC**
**3000 AmSouth Bank Building**
**107 Saint France Street**
**Mobile, AL 36602**


EXHIBIT
2

EEOC Form 161 (10/96)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: LaQuetta Jackson



From: **Birmingham District Office**
**2000 Ridge Park Place**
**1130 South 21ˢᵗ Street**
**Birmingham, AL  35205**

[  ] *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420 2007 00651 | J.W. Furman | (205) 212-2061 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[  ]    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[  ]    Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[  ]    The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[  ]    We cannot investigate your charge because it was not filed within the time limit required by law.

[  ]    Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[  ]    While reasonable efforts were made to locate you, we were not able to do so.

[  ]    You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[ X ]    The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[  ]    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[  ]    Other *(briefly state)* _____

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS from your receipt of this Notice**; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Delner Franklin-Thomas, District Director

8-01-07
*(Date Mailed)*

Enclosure(s)

cc:    Heather Leonard
        Attorney at Law
        2108 Rocky Ridge Road, Suite One
        Birmingham, AL 35216

**EXHIBIT**

**3**

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602000406
Cashier ID: cstrecke
Transaction Date: 09/12/2007
Payer Name: HEATHER LEONARD PC
------------------------------------
CIVIL FILING FEE
 For: HEATHER LEONARD PC
 Case/Party: D-ALM-2-07-CV-000818-001
 Amount:          $350.00
------------------------------------
CHECK
 Remitter: HEATHER LEONARD PC
 Check/Money Order Num: 5250
 Amt Tendered:  $350.00
------------------------------------
Total Due:        $350.00
Total Tendered:   $350.00
Change Amt:       $0.00
```

DALM207CV000818-MEF

HEATHER LEONARD PC

2108 ROCKY RIDGE ROAD STE 1

BIRMINGHAM, AL  35216

JACKSON V GLOVIS AL LLC ET AL