IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| LAQUETTA JACKSON, | * | |
| | * | |
| PLAINTIFF, | * | |
| | * | |
| V. | * | CIVIL ACTION NO.: 2:07CV818-MEF |
| | * | |
| GLOVIS ALABAMA, LLC and | * | |
| WORKFORCE OF | * | |
| MONTGOMERY, INC., | * | |
| | * | |
| DEFENDANTS. | * | |

## ANSWER OF DEFENDANT GLOVIS ALABAMA, LLC

Defendant Glovis Alabama, LLC ("Glovis"), through undersigned counsel, answers the allegations of the Complaint, as follows:

### Jurisdiction and Venue

1. Defendant Glovis denies having committed alleged unlawful sexual harassment and retaliation against Plaintiff, averring that it committed no such violation of Title VII of the Civil Rights Act of 1964, as amended, or any other Act.

2. While denying that Plaintiff is entitled to the requested relief, or any relief, in this action, Defendant Glovis admits that jurisdiction in this Court would be proper.

3. While denying that Plaintiff is entitled to the requested relief, or any relief, in this action, Defendant Glovis admits that venue in this Court would be proper.

### Parties

4. Upon information and belief, admitted.

5. Denied.

6. Denied.

7. Upon information and belief, admitted.

8. Denied for lack of sufficient knowledge.

9. Denied as to Defendant Glovis; save as so specifically denied, denied for lack of sufficient knowledge.

## Administrative Remedies

10. Denied for lack of sufficient knowledge.

11. Denied.  Plaintiff's EEOC charge improperly named "Glovis MVP" as Respondent, and was not filed on November 8, 2007, as Plaintiff alleges.

12. Upon information and belief, admitted.

13. Upon information and belief, admitted.

14. Denied for lack of sufficient knowledge.

## Factual Allegations

15. Denied for lack of sufficient knowledge.

16. Denied for lack of sufficient knowledge.

17. Denied..

18. Denied.

19. Denied for lack of sufficient knowledge.

20. Denied for lack of sufficient knowledge.

21. Denied for lack of sufficient knowledge.

22. Denied for lack of sufficient knowledge.

23. Denied for lack of sufficient knowledge.

24. Denied for lack of knowledge.

25. Denied as to Defendant Glovis; save as so specifically denied, denied for lack of sufficient knowledge.

26. Denied as to Defendant Glovis; save as so specifically denied, denied for lack of sufficient knowledge.

27. Denied for lack of sufficient knowledge.

28. Denied for lack of sufficient knowledge.

## **Count I**

### **Sex Discrimination**

29. Defendant Glovis adopts its responses to the preceding allegations, as though fully set forth herein.

30. Denied for lack of sufficient knowledge.

31. Denied as to Defendant Glovis; save as so specifically denied, denied for lack of sufficient knowledge.

32. Denied as to Defendant Glovis; save as so specifically denied, denied for lack of sufficient knowledge.

## **Count II**

### **Retaliation**

33. Defendant Glovis adopts its responses to the preceding allegations, as though fully set forth herein.

34. Denied as to Defendant Glovis; save as so specifically denied, denied for lack of sufficient knowledge.

35. Denied as to Defendant Glovis; save as so specifically denied, denied for lack of sufficient knowledge.

36. Denied as to Defendant Glovis; save as so specifically denied, denied for lack of sufficient knowledge.

37. Denied as to Defendant Glovis; save as so specifically denied, denied for lack of sufficient knowledge.

38. Denied as to Defendant Glovis; save as so specifically denied, denied for lack of sufficient knowledge.

39. Denied as to Defendant Glovis; save as so specifically denied, denied for lack of sufficient knowledge.

## FIRST DEFENSE

The Complaint and each count thereof fails to state a claim upon which relief can be granted against this Defendant.

## SECOND DEFENSE

Upon information and belief, Plaintiff voluntarily and consensually engaged in inappropriate conduct and/or activities herself, and thus cannot show that the alleged actions were "unwelcome." Alternatively, the incidents alleged were isolated and do not rise to the level of severe or pervasive harassment.

**THIRD DEFENSE**

Defendant Glovis did not know, nor should it have known, of the alleged conduct complained of by Plaintiff, nor did it unreasonably fail to take steps to stop it. Moreover, neither Defendant Glovis nor any of its officers, agents, or representatives ratified or condoned any such alleged conduct.

**FOURTH DEFENSE**

The complained of conduct does not meet the definition of sexual harassment as defined by Title VII.

**FIFTH DEFENSE**

Glovis Alabama, LLC has no authority, control or business dealings with personnel at Montgomery Vehicle Processing, Inc. or Workforce of Montgomery, Inc. Defendant Glovis, nonetheless, preserves the affirmative defense that it exercised reasonable care to prevent and correct promptly any harassing and/or discriminatory behavior and Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided by Defendant Glovis, or to otherwise avoid harm.

**SIXTH DEFENSE**

Plaintiff was not separated from employment with Defendant Glovis, but, rather, was employed by Workforce of Montgomery, Inc., and, upon information and belief, voluntarily terminated her employment.

## SEVENTH DEFENSE

Plaintiff may not challenge in this lawsuit any acts or omissions first occurring more than 180 days prior to the filing of her EEOC charge.

## EIGHTH DEFENSE

Plaintiff was never an employee of Defendant Glovis. Nonetheless, this Defendant preserves the affirmative defense that Plaintiff would have been treated the same by Defendant Glovis even if said Defendant had considered her sex, any such consideration being expressly denied.

## NINTH DEFENSE

Upon information and belief, Plaintiff has failed to make reasonable efforts to mitigate her damages, if any.

## TENTH DEFENSE

All allegations in the Complaint not specifically admitted are denied.

## ELEVENTH DEFENSE

Plaintiff's damages are limited by 42 U.S.C. § 1981a(b)(3).

## TWELFTH DEFENSE

Defendant denies that it has been guilty of any conduct that would support an award of punitive damages and/or entitle Plaintiff to any other relief herein.

**THIRTEENTH DEFENSE**

Any award of punitive damages in this case would be in violation of the constitutional safeguards provided to Defendant under the Constitution of the United States. Moreover, the imposition of punitive damages would deprive Defendant of the right to equal protection under the laws provided in the Fifth and Fourteenth Amendments of the Constitution of the United States.

**FOURTEENTH DEFENSE**

Plaintiff cannot recover for mental pain and suffering, emotional distress, or similar damages, if any, in that there is no fixed, objective and/or clear and consistent standard for ascertaining the amount thereof, such that any award of said damages against Defendant would violate the Fifth and Fourteenth Amendments to the United States Constitution.

  /s/Patricia J. Ponder
PATRICIA J. PONDER (PONDP7626)
WINDY C. BITZER (BITZW7315)
Attorneys for Defendant Glovis Alabama, LLC

OF COUNSEL:
HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama 36601
(251) 432-5511

**CERTIFICATE OF SERVICE**

    I do hereby certify that I have, on October 3, 2007, served a copy of the foregoing pleading on all parties of record by placing same in the United States Mail, postage prepaid and properly addressed, to-wit:

Heather Newsom Leonard
Heather Leonard, P.C.
The Gross Building
2108 rocky Ridge Road, Suite 1
Birmingham, Alabama 35216

                                                /s/Patricia J. Ponder

684994_1