IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LAQUETTA JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: |
| vs. | ) | |
| | ) | 07-CV-818-MEF |
| MONTGOMERY VEHICLE | ) | |
| PROCESSING, L.L.C., and, | ) | |
| WORKFORCE OF | ) | |
| MONTGOMERY, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF LAWSUIT AND REQUEST FOR
WAIVER OF SERVICE OF SUMMONS**[1]

To:     Montgomery Vehicle Processing, L.L.C. c/o Patricia J. Ponder, Attorney
of Record for Montgomery Vehicle Processing, L.L.C; HAND
ARENDALL, L.L.C.; Post Office Box 123; Mobile, Alabama 36601

        A lawsuit has been commenced against you.  A copy of the Complaint

---

[1]     The undersigned is filing this document after a communication from counsel for
Montgomery Vehicle Processing, L.L.C. about service difficulties surrounding service of the
Plaintiff's Amended Complaint.  After conferring, the parties agreed that the filing of this
document was the appropriate way to proceed with serving Defendant Montgomery Vehicle
Processing, L.L.C.

_____

*Jackson v. MVP*
**Notice of Lawsuit and Request for
Waiver of Service of Summons**
1

is attached to this notice. It has been filed in the United States District Court

for the Middle District of Alabama and has been assigned docket number 07-

cv-818-MEF.

This is not a formal summons or notification from the court, but rather

my request that you sign and return the enclosed waiver of service in order

to save the cost of serving you with a judicial summons and an additional

copy of the complaint. The cost of service will be avoided if I receive a signed

copy of the waiver within (F) days after the date designated below as the date

on which this Notice and Request is sent. I enclose a stamped and addressed

envelope (or other means of cost-free return) for your use. An extra copy of

the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be

filed with the court and no summons will be served on you. The action will

then proceed as if you had been served on the date the waiver is filed, except

that you will not be obligated to answer the complaint before 60 days from the

date designated below as the date on which this notice is sent (or before 90

days from that date if your address is not in any judicial district of the United

_____

*Jackson v. MVP*
**Notice of Lawsuit and Request for**
**Waiver of Service of Summons**
2

States).

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the Plaintiff, this 25th day of October, 2007.

/s/ Heather Newsom Leonard
Heather Newsom Leonard
Attorney Code - NEW018
ASB-1152-061H
ATTORNEY FOR PLAINTIFF

OF COUNSEL:

HEATHER LEONARD, P.C.
The Gross Building
2108 Rocky Ridge Road, Suite 1
Birmingham, AL  35216
Phone:      (205) 978-7899

_____

*Jackson v. MVP*
**Notice of Lawsuit and Request for**
**Waiver of Service of Summons**

Facsimile:    (205) 278-1400
E-mail:        Heather@HeatherLeonardPC.Com

_____

*Jackson v. MVP*
**Notice of Lawsuit and Request for**
**Waiver of Service of Summons**
4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following via the Court's electronic filing system:

Jennifer M. Bedsole
LLOYD, GRAY & WHITEHEAD, P.C.
2501 20th Place South, Suite 300
Birmingham, AL 35243

Patricia J. Ponder
HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama 36601

Done this the 24th day of October, 2007

I hereby certify that a copy fo the foregoing has been service via first class mail on October 25, 2007, to:

Montgomery Vehicle Processing, L.L.C.
c/o Patricia J. Ponder
HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama 36601

/s/ Heather Newsom Leonard
Of Counsel

_____

*Jackson v. MVP*
**Notice of Lawsuit and Request for**
**Waiver of Service of Summons**
5

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LAQUETTA JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: |
| vs. | ) | |
| | ) | 07-CV-818-MEF |
| MONTGOMERY VEHICLE | ) | |
| PROCESSING, L.L.C., and, | ) | |
| WORKFORCE OF | ) | |
| MONTGOMERY, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF LAWSUIT AND REQUEST FOR
WAIVER OF SERVICE OF SUMMONS**
*Exhibit A - Waiver of Service of Summons*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LAQUETTA JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: |
| vs. | ) | |
| | ) | 07-CV-818-MEF |
| MONTGOMERY VEHICLE | ) | |
| PROCESSING, L.L.C., and, | ) | |
| WORKFORCE OF | ) | |
| MONTGOMERY, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**WAIVER OF SERVICE OF SUMMONS**

TO:   Heather Leonard, Attorney for LaQuetta Jackson

On behalf of Montgomery Vehicle Processing, L.L.C. , I acknowledge

receipt of your request that I waive service of summons in the action of

*Jackson v. Montgomery Vehicle Processing, L.L.C.*  which is case number 07-

CV-818-MEF in the United States District Court for the Middle District of

Alabama.

I have also received a copy of the amended complaint in the action,

two copies of this instrument, and a means by which I can return the

signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional

copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after , October 25, 2007, or within 90 days after that date if the request was sent outside the United States.

_____          _____
Date                           Patricia J. Ponder
                               Attorney for Montgomery Vehicle Processing,
                               L.L.C.

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.