## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

LAQUETTA JACKSON,      )
          )
    **Plaintiff,**     )
          )    **CIVIL ACTION NUMBER:**
**vs.**           )
          )    **2:07 cv 818-MEF**
**WORKFORCE**     )
**OF MONTGOMERY,  INC. and** )
**GLOVIS ALABAMA, LLC**    )
          )
    **Defendants.**    )
          )

_____

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT
_____

**COMES NOW** WorkForce of Montgomery, Inc. ("Defendant"), in the above-styled action and for answer to the Plaintiff's Amended Complaint and to each Count and Paragraph thereof, sets down and assigns the following separate and several defenses without waiving any substantive and/or procedural deficiencies in the Plaintiff's Amended Complaint.

## JURISDICTION AND VENUE

1.    For answer to paragraph 1, Defendant denies it committed any unlawful employment practices, it committed any unlawful discrimination, and/or retaliation, and denies that it violated any of the Plaintiff's rights.

2.     For answer to paragraph 2, Defendant denies it committed any unlawful employment practices, it committed any unlawful discrimination, and/or retaliation, that it violated any of the Plaintiff's rights, and denies Plaintiff is entitled to any relief for damages which would thereby entitle the Plaintiff to jurisdiction.

3.     For answer to paragraph 3, Defendant denies it committed any unlawful employment practices, it committed any unlawful discrimination, and/or retaliation, that it violated any of the Plaintiff's rights, and denies Plaintiff is entitled to any relief for damages which would thereby entitle the Plaintiff to this venue.

## **PARTIES**

4.     Upon information and belief, Defendant admits the allegations of Paragraph 4 of the Plaintiff's Amended Complaint.

5.     Defendant is without sufficient knowledge to either admit or deny the allegations of Paragraph 5 of the Plaintiff's Amended Complaint.

6.     Defendant admits the allegations of paragraph 6 of the Plaintiff's Amended Complaint.

7.     Defendant admits the allegations of Paragraph 7 of the Plaintiff's Amended Complaint.

8.     Defendant admits the allegations of Paragraph 8 of the Plaintiff's

Amended Complaint.

9.      Defendant admits the allegations of Paragraph 9 of the Plaintiff's Amended Complaint.

## ADMINISTRATIVE REMEDIES

10.      Defendant denies the allegations of Paragraph 10 of the Plaintiff's Amended Complaint and demands strict proof thereof.

11.      Defendant denies Plaintiff filed a charge of discrimination on November 8, 2007. Upon information and belief, Defendant admits the remaining allegations of Paragraph 11 of the Plaintiff's Amended Complaint.

12.      Defendant admits the allegations of Paragraph 12 of the Plaintiff's Amended Complaint.

13.      Defendant admits the allegations of Paragraph 13 of the Plaintiff's Amended Complaint.

14.      Upon information and belief, Defendant admits the allegations of Paragraph 14 of the Plaintiff's Amended Complaint.

## FACTUAL ALLEGATONS

15.      Defendant admits the allegations of Paragraph 15 of the Plaintiff's Amended Complaint.

16.      Defendant admits the allegations of paragraph 16 of the Plaintiff's Amended Complaint.

17.     Defendant admits the allegations of Paragraph 17 of the Plaintiff's Amended Complaint.

18.     Defendant is without sufficient information to either admit or deny the allegations of Paragraph 18 of the Amended Plaintiff's Complaint.

19.      Defendant denies the allegations of Paragraph 19 of the Plaintiff's Amended Complaint and demands strict proof thereof.

20.     Defendant denies the allegations of Paragraph 20 of the Plaintiff's Amended Complaint and demands strict proof thereof.

21.     Defendant denies the allegations of Paragraph 21 of the Plaintiff's Amended Complaint and demands strict proof thereof.

22.     Defendant denies the allegations of Paragraph 22 of the Plaintiff's Amended Complaint and demands strict proof thereof.

23.     Defendant denies the allegations of Paragraph 23 of the Plaintiff's Amended Complaint and demands strict proof thereof.

24.     Defendant denies the allegations of Paragraph 24 of the Plaintiff's Amended Complaint and demands strict proof thereof.

25.     Defendant denies the allegations of Paragraph 25 of the Plaintiff's Amended Complaint and demands strict proof thereof.

26.     Defendant denies the allegations of Paragraph 26 of the Plaintiff's Amended Complaint and demands strict proof thereof.

27.    Defendant denies the allegations of Paragraph 27 of the Plaintiff's Amended Complaint and demands strict proof thereof.

28.    Defendant denies the allegations of Paragraph 28 of the Plaintiff's Amended Complaint and demands strict proof thereof.

## COUNT I
## SEX DISCRIMINATION

29.    Defendant adopts and reasserts all previous responses to prior Paragraphs of the Plaintiff's Amended Complaint.

30.    Defendant denies the allegations of Paragraph 30 of the Plaintiff's Amended Complaint and demands strict proof thereof.

31.    Defendant denies the allegations of Paragraph 31 of the Plaintiff's Amended Complaint and demands strict proof thereof.

32.     Defendant denies the allegations of Paragraph 32 of the Plaintiff's Amended Complaint and demands strict proof thereof.

## PRAYER FOR RELIEF

Defendant denies Plaintiff is entitled to judgment or any other relief requested in the Prayer for Relief.  Further, Defendant denies Plaintiff has stated any cause of action against the Defendant and has failed to allege any right to legal revenues, injunctive or declaratory relief sought in paragraphs of the Amended Complaint.  Further, Defendants denies that Plaintiff has suffered any irreparable

injury, denies Defendant has engaged in any unlawful policy and/or practice, and states Plaintiff is not entitled to any of the requested relief.  In addition, Plaintiff has failed to allege any allegations or acts of wrongdoing which would give rise to any equitable relief, punitive or compensatory damages.

## COUNT II
## RETALIATION

33.     Defendant adopts and reasserts all previous responses to prior Paragraphs of the Plaintiff's Amended Complaint.

34.     Defendant denies the allegations of Paragraph 34 of the Plaintiff's Amended Complaint and demands strict proof thereof.

35.     Defendant denies the allegations of Paragraph 35 of the Plaintiff's Amended Complaint and demands strict proof thereof.

36.     Defendant denies the allegations of Paragraph 36 of the Plaintiff's Amended Complaint and demands strict proof thereof.

37.     Defendant denies the allegations of Paragraph 37 of the Plaintiff's Amended Complaint and demands strict proof thereof.

38.     Defendant denies the allegations of Paragraph 38 of the Plaintiff's Amended Complaint and demands strict proof thereof.

39.     Defendant denies the allegations of Paragraph 39 of the Plaintiff's Amended Complaint and demands strict proof thereof.

## PRAYER FOR RELIEF

Defendant denies Plaintiff is entitled to judgment or any other relief requested in the Prayer for Relief.  Further, Defendant denies Plaintiff has stated any cause of action against the Defendant and has failed to allege any right to legal revenues or injunctive relief sought in the paragraphs of the Amended Complaint. Further, Defendant denies Plaintiff has suffered any irreparable injury, denies Defendant has engaged in any unlawful policy and/or practice, and states Plaintiff is not entitled to any of the requested relief.  In addition, Plaintiff has failed to allege any allegations or acts of wrongdoing which would give rise to any equitable relief, punitive or compensatory damages.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

Defendant avers it is not guilty of the matters and things alleged in Plaintiff's Amended Complaint and demands strict proof thereof.

## SECOND DEFENSE

The Amended Complaint fails to state a claim against Defendant upon which relief may be granted.

## THIRD DEFENSE

Defendant denies it engaged in any wrongful act with malice and/or reckless indifference against Plaintiff.

7

## FOURTH DEFENSE

Defendant further pleads the limitations on compensatory and punitive damage awards pursuant to the 1991 amendments of the *Civil Rights Act*.

## FIFTH DEFENSE

Plaintiff's claims are barred because they are not like or related to the claims raised in her EEOC charge.

## SIXTH DEFENSE

Plaintiff has failed to adequately mitigate her damages.

## SEVENTH DEFENSE

Defendant pleads the applicable statute of limitations to the extent they may apply.

## EIGHTH DEFENSE

Defendant did not engage in discriminatory or retaliatory conduct toward the Plaintiff.

## NINTH DEFENSE

Defendant reserves the right to amend this Answer following the completion of discovery in this matter.

## TENTH DEFENSE

The Amended Complaint states no cause of action against the Defendant by her failure to allege what parts or portions of the U.S. Constitution or other Federal law have been violated by the Defendant.

## ELEVENTH DEFENSE

The Amended Complaint is due to be dismissed based upon the shot-gun, conclusory allegations stated as opposed to specific instances of wrongful conduct rising to the level of a violation of the U.S. Constitution. *Oladinende v. City of Birmingham,* 963 F.2d 1481 (11th Cir. 1992).

## TWELFTH DEFENSE

Defendant pleads waiver, release, *res judicata* and collateral estoppel, to the extent they may apply.

## THIRTEENTH DEFENSE

Defendant pleads lack of standing, lack of justiciable controversy, lack of capacity, ripeness, lack of adverse employment decision, insufficiency of process, and insufficiency of service of process, to the extent they may apply.

## FOURTEENTH DEFENSE

An award of punitive damages is not available against this Defendant due to the Plaintiff's failure to allege that acts were taken with "malice and/or reckless indifference."

9

## FIFTEENTH DEFENSE

Defendant denies any basis in fact or law for an award of damages against it.

## SIXTEENTH DEFENSE

Any damages with respect to which a claim is asserted against Defendant, result from acts, omissions, or events other than any alleged acts or omissions of the Defendant.

## SEVENTEENTH DEFENSE

All actions by Defendant were based upon legitimate, non-retaliatory and non-discriminatory reasons.

## EIGHTEENTH DEFENSE

Defendant denies it is guilty of conduct for which punitive damages could or should be awarded and denies Plaintiff has produced clear and convincing evidence to support or sustain an award of punitive damages against this Defendant.

## NINETEENTH DEFENSE

The Plaintiff cannot recover punitive damages, because Defendant did not know or believe any of its alleged actions may have been in violation of federal law.

## TWENTIETH DEFENSE

Defendant pleads the doctrine of after-acquired evidence to the extent it may apply.

## TWENTY-FIRST DEFENSE

Defendant exercised reasonable care to prevent and correct promptly any alleged sexually harassing behavior.

## TWENTY-SECOND DEFENSE

Plaintiff failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.

## TWENTY-THIRD DEFENSE

Defendant is not liable for Plaintiff's Title VII hostile environment sexual harassment claims as Plaintiff cannot establish she was subjected to conduct so severe or pervasive so as to alter the conditions of her employment.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims for equitable relief may not be tried before a jury.

## TWENTY-FIFTH DEFENSE

Defendant cannot be liable for alleged actions of which it was not aware.

## TWENTY-SIXTH DEFENSE

Defendant adopts all defenses made available to them under the decisions rendered by the United States Supreme Court in Faragher v. City of Boca Raton,

11

118 S. Ct. 2275 (1998) and <u>Burlington Industries, Inc. v. Ellerth</u>, 118 S. Ct. 2257 (1998).

## TWENTY-SEVENTH DEFENSE

Defendant did not take any adverse actions against Plaintiff.

## TWENTY-EIGHTH DEFENSE

Defendant took prompt, remedial and/or corrective action in response to Plaintiff's allegations of sexual harassment.

## TWENTY-NINTH DEFENSE

Defendant pleads the affirmative defense of mixed-motive, to the extent it may apply.

## THIRTIETH DEFENSE

Anything not specifically admitted herein and which is not otherwise clear from these responses is denied.

Respectfully submitted,

*s/Jenna M. Bedsole*
Stephen E. Whitehead (WHI 066)
Jennifer M. Bedsole (MCC107)
Rachel E. VanNortwick (VAN040)
Attorneys for Defendant,
WorkForce of Montgomery, Inc.

12

**OF COUNSEL:**
LLOYD, GRAY & WHITEHEAD, P.C.
2501 20th Place South, Suite 300
Birmingham, AL 35243
(205) 967-8822
(205) 967-2380 facsimile

## CERTIFICATE OF SERVICE

I certify a true and correct copy of the foregoing was served upon the following counsel of record by efiling and/or by United States Mail, with postage prepaid and properly addressed on this the 31st day of October, 2007:

Heather Leonard, P.C.
The Gross Building
2108 Rocky Ridge Road, Suite 1
Birmingham, AL 35216
(205) 978-7899
(205) 278-1400 facsimile

*s/Jenna M. Bedsole*
OF COUNSEL

13