IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| LAQUETTA JACKSON, | * |
| | * |
|    PLAINTIFF, | * |
| | * |
| V. | *   CIVIL ACTION NO.: 2:07CV818-MEF |
| | * |
| GLOVIS ALABAMA, LLC and | * |
| WORKFORCE OF | * |
| MONTGOMERY, INC., | * |
| | * |
|    DEFENDANTS. | * |

## ANSWER OF DEFENDANT
## MONTGOMERY VEHICLE PROCESSING, L.L.C.

Defendant Montgomery Vehicle Processing, L.L.C. ("MVP"), through undersigned counsel, answers the allegations of the Amended Complaint, as follows:

### Jurisdiction and Venue

1. Defendant MVP denies having committed alleged unlawful sexual harassment and retaliation against Plaintiff, averring that it committed no such violation of Title VII of the Civil Rights Act of 1964, as amended, or any other Act.

2. While denying that Plaintiff is entitled to the requested relief, or any relief, in this action, Defendant MVP admits that jurisdiction in this Court is proper.

3. While denying that Plaintiff is entitled to the requested relief, or any relief, in this action, Defendant MVP admits that venue in this Court is proper.

### Parties

4. Upon information and belief, admitted.

5.  Denied.  MVP is an Alabama limited liability company which maintains its principal place of business in Montgomery County, Alabama.[1]

6.  Denied.  Defendant MVP was Plaintiff's employer for Title VII's purposes, along with Defendant Workforce of Montgomery, Inc.

7.  Upon information and belief, admitted.

8.  Upon information and belief, admitted.

9.  Admitted, as to Defendants MVP and Workforce of Montgomery, Inc.

### Administrative Remedies

10. Denied for lack of sufficient knowledge.

11. Denied.  Plaintiff's EEOC charge improperly named "Glovis MVP" as Respondent and was not filed on November 8, 2007, as Plaintiff alleges.

12. Upon information and belief, admitted.

13. Upon information and belief, admitted.

14. Denied for lack of sufficient knowledge.

### Factual Allegations

15. Upon information and belief, admitted.

16. Upon information and belief, admitted.

17. Admitted, with the correction that Plaintiff worked for Defendant MVP, not Glovis.

---

[1] By her Motion to Amend, granted herein on October 16, 2007, Plaintiff has substituted Montgomery Vehicle Processing, L.L.C. ("MVP") for Glovis Alabama, LLC, although Plaintiff continues to refer to Defendant MVP as "Defendant Glovis."  For the record, Defendant MVP avers that this reference is incorrect, and that, in addition to Workforce of Montgomery, Inc., the correctly named defendant herein is Defendant MVP.

2

18. Admitted, with the correction that Plaintiff worked for Defendant MVP, not Glovis.

19. Denied for lack of sufficient knowledge.

20. Denied for lack of sufficient knowledge.

21. Denied for lack of sufficient knowledge.

22. Denied for lack of sufficient knowledge.

23. Denied for lack of sufficient knowledge.

24. Denied for lack of sufficient knowledge.

25. Denied; save as so specifically denied, denied for lack of sufficient knowledge.

26. Denied; save as so specifically denied, denied for lack of sufficient knowledge.

27. Denied for lack of sufficient knowledge.

28. Denied for lack of sufficient knowledge.

All claims not specifically herein admitted are denied.

## Count I

### Sex Discrimination

29. Defendant MVP adopts its responses to the preceding allegations, as though fully set forth herein.

30. Denied for lack of sufficient knowledge.

31. Denied as to Defendant MVP; save as so specifically denied, denied for lack of sufficient knowledge.

32. Denied as to Defendant MVP; save as so specifically denied, denied for lack of sufficient knowledge.

3

## Count II

## Retaliation

33. Defendant MVP adopts its responses to the preceding allegations, as though fully set forth herein.

34. Denied as to Defendant MVP; save as so specifically denied, denied for lack of sufficient knowledge.

35. Denied as to Defendant MVP; save as so specifically denied, denied for lack of sufficient knowledge.

36. Denied as to Defendant MVP; save as so specifically denied, denied for lack of sufficient knowledge.

37. Denied as to Defendant MVP; save as so specifically denied, denied for lack of sufficient knowledge.

38. Denied as to Defendant MVP; save as so specifically denied, denied for lack of sufficient knowledge.

39. Denied as to Defendant MVP; save as so specifically denied, denied for lack of sufficient knowledge.

## FIRST DEFENSE

The Complaint and each count thereof fails to state a claim upon which relief can be granted against this Defendant.

**SECOND DEFENSE**

Upon information and belief, Plaintiff voluntarily and consensually engaged in inappropriate conduct and/or activities herself, and thus cannot show that the alleged actions were "unwelcome." Alternatively, the incidents alleged were isolated and do not rise to the level of severe or pervasive harassment as contemplated by Title VII.

**THIRD DEFENSE**

Defendant MVP did not know, nor should it have known, of the alleged conduct complained of by Plaintiff, nor did it unreasonably fail to take steps to stop it. Moreover, neither Defendant MVP nor any of its officers, agents, or representatives ratified or condoned any such alleged conduct.

**FOURTH DEFENSE**

Defendant MVP exercised reasonable care to prevent and correct promptly any harassing and/or discriminatory behavior and Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided by Defendant MVP, or to otherwise avoid harm.

**FIFTH DEFENSE**

Plaintiff was not separated from employment with Defendant MVP, but, rather, was directly employed by Workforce of Montgomery, Inc., and, upon information and belief, voluntarily terminated her employment.

**SIXTH DEFENSE**

Plaintiff may not challenge in this lawsuit any acts or omissions first occurring more than 180 days prior to the filing of her EEOC charge.

**SEVENTH DEFENSE**

Plaintiff would have been treated the same by Defendant MVP even if said Defendant had considered her sex, any such consideration being expressly denied.

**EIGHTH DEFENSE**

Upon information and belief, Plaintiff has failed to make reasonable efforts to mitigate her damages, if any.

**NINTH DEFENSE**

Plaintiff's damages are limited by 42 U.S.C. § 1981a(b)(3).

**TENTH DEFENSE**

Defendant denies that it has been guilty of any conduct that would support an award of punitive damages and/or entitle Plaintiff to any other relief herein.

**ELEVENTH DEFENSE**

Any award of punitive damages in this case would be in violation of the constitutional safeguards provided to Defendant under the Constitution of the United States. Moreover, the imposition of punitive damages would deprive Defendant of the right to equal protection under

the laws provided in the Fifth and Fourteenth Amendments of the Constitution of the United States.

### TWELFTH DEFENSE

Plaintiff cannot recover for mental pain and suffering, emotional distress, or similar damages, if any, in that there is no fixed, objective and/or clear and consistent standard for ascertaining the amount thereof, such that any award of said damages against Defendant would violate the Fifth and Fourteenth Amendments to the United States Constitution.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred to the extent they are not like or related to the claims raised in her EEOC charge.

### FOURTEENTH DEFENSE

Defendant MVP reserves, to the extent applicable, any statute of limitations defense.

### FIFTEENTH DEFENSE

Defendant MVP reserves the right to amend its Answer following the completion of discovery in this matter.

  /s/Patricia J. Ponder  
PATRICIA J. PONDER (PONDP7626)  
WINDY C. BITZER (BITZW7315)  
Attorneys for Defendant MVP Alabama, LLC

OF COUNSEL:
HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama  36601
(251) 432-5511

## CERTIFICATE OF SERVICE

      I do hereby certify that I have, on December 27, 2007, served a copy of the foregoing pleading on all parties of record by placing same in the United States Mail, postage prepaid and properly addressed, to-wit:

**Attorney for Plaintiff:**
Heather Newsom Leonard
Heather Leonard, P.C.
The Gross Building
2108 rocky Ridge Road, Suite 1
Birmingham, Alabama 35216

**Attorneys for Workforce of Montgomery:**
Jennifer McCammon Bedsole
Rachel Ellen VanNortwick
Stephen E. Whitehead
Lloyd, Gray & Whitehead, P.C.
2501 Twentieth Place South
Suite 300
Birmingham, AL 35223

    /s/Patricia J. Ponder

711969_1